*"White, J.
The questions raised in this ease, with one exception, are similar to those just disposed of in Bliss et al. v. Kraus. The additional question relates to the description of the property on which the filling was required to be done by the city council. The-resolution described the property as “the n. half of the s. w. qr. of the n. w. qr., section 36, town three, range aforesaid (7 e.), marked on Hart & Mapother’s map of Toledo 22.50 acres.” The petition alleges, and the answer does not deny, that the premises in question are correctly described as situate in township number nine, and was-so described in the copy of the resolution as published and served on the owners; that no part of township number 3, and no section 36, except that in township number 9, is included within the limits of the city of Toledo, and that there is no parcel of land, marked. *60 '-“22.50 a” on Hart & Mapother’s map of Toledo, except the one in ■ question owned by the defendants, Poland and Henry.
A description that would be good in a levy, or a conveyance, would be sufficient in a resolution requiring the owner to rid his property of a nuisance. The object of tbe description is tbe identification of tbe property. When this is clearly done, all is accomplished that can reasonably be required.
Some of tbe calls, in tbe description contained in tbe resolution, .are repugnant, and are, necessarily, false. As all can not stand together, part must be rejected. If tbe call for tbe township be . adopted as true, the description of tbe premises as noted on tbe map of Toledo must be rejected, and tbe lands will be without tbe .limits of tbe city. If tbe description on tbe map be adhered to, tbe number of tbe township must be rejected, and, in that case, tbe premises will fall within tbe city, and correspond with tbe description in every other respect. Tbe exercise of tbe power by tbe city ■ council, indicated by tbe resolution, as well as its subject-matter, must reasonably have been understood, by every one, as having relation to property within tbe city; and of such property, that of tbe defendants alone, upon which tbe work was done, answered tbe • description.
*The maxim, “falsa demonstratio non noeet,” is applicable, and ■the false part of tbe description will be rejected.

Judgment affirmed.

Brinkerhoee, C. J., and Scott, Day, and Welch, JJ., concurred.